# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **DAVID WAYNE VICKERS,** | ) | **CASE NO. 1:24 CV 1642** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DAVID A. RUIZ** |
| | ) | |
| **v.** | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| **U.S. ATTORNEY** | ) | **AND ORDER** |
| **BRIDGET M. BRENNAN, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

*Pro se* Plaintiff David Wayne Vickers, an inmate in USP Tucson, filed this *Bivens*[1] action against former United States Attorney Bridget M. Brennan, and Assistant United States Attorney Brian McDonough. Plaintiff claims the Defendants denied him due process under the Fifth Amendment in their responses to his Rule 60(b) Motion challenging the denial of his Motion to Vacate under 28 U.S.C. § 2255. He asks the Court to declare his assertions in this Complaint to be true, enjoin the Defendants from inserting information into his future Motions and award him monetary damages.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of*

---

[1] *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971).

*Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact

when it is premised on an indisputably meritless legal theory or when the factual contentions are

clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks

"plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A

pleading must contain a "short and plain statement of the claim showing that the pleader is

entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the

pleading must be sufficient to raise the right to relief above the speculative level on the

assumption that all the allegations in the Complaint are true. *Twombly*, 550 U.S. at 555. The

Plaintiff need not include detailed factual allegations, but must provide more than "an

unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A

pleading that offers legal conclusions or a simple recitation of the elements of a cause of action

will not meet this pleading standard. *Id*. In reviewing a Complaint, the Court must construe the

pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151

F.3d 559, 561 (6th Cir.1998).

As an initial matter, this Court must first determine whether Plaintiff can bring these

claims in a *Bivens* action. The Supreme Court has explicitly recognized only three contexts in

which a private right of action for damages may be properly brought under *Bivens* against federal

officials for constitutional violations: (1) under the Fourth Amendment for a violation of the

prohibition against unreasonable searches and seizures of a private citizen's residence, *Bivens*,

403 U.S. at 389, 397; (2) under the Fifth Amendment Due Process Clause for gender

discrimination, *Davis v. Passman*, 442 U.S. 228, 230–31, 248-49 (1979); and (3) under the

Eighth Amendment for failing to provide adequate medical treatment to a prisoner, *Carlson v.*

*Green*, 446 U.S. 14, 16 n.1, 19 (1980).  In these cases, the Supreme Court implied a cause of action against federal officers for violations constitutional rights.  *Carlson v. Green*, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980); *Davis v. Passman*, 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979); *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). The Supreme Court reasoned that sometimes individual-rights violations could be redressed only by damages, and they had the power to create such actions unless Congress limited them.  *Bivens*, 403 U.S. at 397, 91 S.Ct. 1999.

Recent developments, however, have altered that line of reasoning.  What began as a presumption in favor of creating an implied right of action has developed into a strong presumption against it. The Supreme Court has not recognized a new *Bivens* action in the 40 years since *Carlson* and over that time period has repeatedly declined to create such actions. *See, e.g.*, *Ziglar v. Abbasi*, 582 U.S. 120, 135 (2017).  In fact, the Court has renounced the presumption of implied remedies, stating that in most cases Congress, rather than the Courts, should decide whether a cause of action exists for violations of the Constitution. *Id*. "[E]xpanding the *Bivens* remedy is now a 'disfavored' judicial activity." *Id.*

Therefore, in determining whether a cause of action can proceed under *Bivens*, the Court must engage in a two-step inquiry.  *Egbert v. Boule*, 596 U.S. 482, 492 (2022); *Hernandez v. Mesa*, 140 S. Ct. 735, 743 (2020).  First, the Court must determine whether the case falls within one of the three recognized causes of action or whether it presents a claim that arises in a "new [*Bivens*] context" or involves a "new category of Defendants."  In other words, is it "meaningful[ly]" different from the three cases in which the Court has implied a damages action. If this is the case, then it is a new context for *Bivens* purposes. *Id*.

If a claim presents a new *Bivens* context, then the Court must determine whether "'special factors counsel[ ] hesitation' in recognizing the new claim." *Callahan v. Fed. Bureau of Prisons*, 965 F.3d 520, 524 (6th Cir. 2020); *Egbert*, 596 U.S. at 491. Such factors include "whether alternative processes exist for protecting the right," "whether existing legislation covers the area," and "separation-of-powers principles"—*e.g.*, whether recognizing a new claim would "interfer[e] with the authority of the other branches and whether the judiciary can competently weigh the costs and benefits at stake." *Callahan*, 965 F.3d at 524; *Hernandez*, 140 S. Ct. at 743. Finally, a Court may not fashion a *Bivens* remedy if Congress already has provided, or has authorized the Executive Branch to provide, "an alternative remedial structure." *Ziglar*, 137 S.Ct. at 1858; *Egbert*, 596 U.S. at 493. If there are alternative remedial structures in place, that alone is reason to restrict the exercise of judicial power to infer a new *Bivens* cause of action. *Id.* Importantly, the relevant question is not whether implying a *Bivens* action would disrupt the Congressional or Executive branch remedy, whether a wrong would otherwise go unredressed, or whether the "existing remedies do not provide complete relief." *Egbert*, 596 U.S. at 493. Instead, the relevant question is whether the Court, rather than the political branches, is better equipped to decide whether existing remedies "should be augmented by the creation of a new judicial remedy." *Id.*

Here, Plaintiff asserts claims under the Due Process Clause of the Fifth Amendment. While the Supreme Court implied a cause of action for due process claims under the Fifth Amendment, it was in the context of gender discrimination. *Davis*, 442 U.S. at 230–31. Applying the Fifth Amendment to due process claims against attorneys in litigation cases presents a new context for *Bivens* claims.

4

Having decided these claims present a new context, the Court must determine whether "special factors counsel[ ] hesitation" in recognizing the new claim.  Indeed, they do.  Plaintiff has other remedies available to have these claims addressed in the form of an appeal of the decision to the United States Sixth Circuit Court of Appeals. That remedy does not become ineffective or inadequate simply because it did not produce the result Plaintiff desired. A *Bivens* remedy cannot be implied in this context. Plaintiff's claims are subject to dismissal on that basis alone.

Moreover, even if a *Bivens* claim could be implied in this context, this case would be dismissed. First, prosecutors are also entitled to absolute immunity from damages for initiating a prosecution and in presenting the government's case. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Pusey v. Youngstown*, 11 F.3d 652, 658 (6th Cir. 1993). The immunity also reaches beyond the criminal process to conduct in civil proceedings where a government attorney is operating in an enforcement role or undertaking a civil defense.  *Cooper v. Parrish*, 203 F.3d 937, 947 (6th Cir. 2000); *Al-Bari v. Winn*, No. 89-5150, 1990 WL 94229, at *1 (6th Cir. July 9, 1990). Plaintiff's claims against the Defendants are based solely on their activities in presenting the government's case in response to his Motions. They are absolutely immune from suits for damages.

Furthermore, Plaintiff's request for injunctive relief cannot be granted. Plaintiff asks this Court to declare that the government committed prejudicial errors in its responses to his Rule 60(b) Motion and his Motion to Vacate under 28 U.S.C. § 2255. He cannot collaterally attack the judgments and decisions of another District Court Judge by bringing a civil rights action against the attorneys opposing his Motions. Those claims are barred by *res judicata*.

The term "*res judicata*" literally means "a matter [already] judged." BLACKS LAW DICTIONARY (11th ed. 2019).  The doctrine of *res judicata* bars duplicative litigation based on the same event or events.  *Montana v. United States*, 440 U.S. 147, 153 (1979); *Parklane Hosiery Co*., *Inc. v. Shore*, 439 U.S. 322, 326 (1979).  When one court has already resolved the merits of a case, another court will not revisit them. *Id*. The doctrine of *res judicata* therefore precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc*., 918 F.2d 658, 660 (6th Cir. 1990). It bars relitigation of every issue actually brought before the Court and every issue or defense that should have been raised in the previous action.  *Id.*

The doctrine of *res judicata* consists of two separate preclusion concepts: issue preclusion and claim preclusion.  *Heyliger v. State Univ. and Cmty. Coll. Sys. of Tenn*., 126 F.3d 849, 852 (6th Cir. 1997).  Claim preclusion generally refers to the effect of a prior judgment in foreclosing successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit.  *New Hampshire v. Maine*, 532 U.S. 742, 748-49 (2001). Issue preclusion generally refers to the effect of a prior judgment in foreclosing successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, whether or not the issue arises on the same or a different claim. *Id*.

Issue preclusion applies in this context. United States District Court Judge Christopher Boyko already determined whether Plaintiff's 60(b) Motion was an attempt at filing a successive §2255 Motion, whether the government's response was timely, and whether the 60(b) Motion raised new claims that were not raised in his §2255 Motion. Plaintiff cannot file this civil rights action claiming denial of due process and obtain a different decision by this Court. *Res judicata*

bars reconsideration of those issues. Plaintiff's remedy to challenge those decisions would be an appeal of those decisions, not a collateral action through this action.

### III. Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e).[2]  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

February 19, 2025                                    */s/ David A. Ruiz*
                                                     DAVID A. RUIZ
                                                     UNITED STATES DISTRICT JUDGE

---

[2] Although Plaintiff has filed an Amended Complaint under *Bivens* against the same defendants (R. 4), it along with his initial Complaint (R. 1) fails to state a viable cause of action for the foregoing reasons.